New Orleans Northeastern R. Co. *v.* Lott.

[79 South. 1, Division A.]

EVIDENCE. *Parol evidence. Varying contract.*

Where there was a written contract to deliver two railway tickets to a person, such contract cannot be varied by parol evidence that it was to deliver one ticket to that person and one to another person.

APPEAL from the circuit court of Forest county.

HON. PAUL B. JOHNSON, Judge.

Suit by Woods Lott against the New Orleans Northeastern Railroad Company. From a judgment for plaintiff, defendant appeals.

The facts are fully stated in the opinion of the court.

*A. S. Bozeman* and *Ben F. Cameron, Jr.,* for appellant.

*Tally & Mayson,* for appellee.

SMITH, C. J., delivered the opinion of the court.

Appellee instituted this suit in the court below to recover of appellant damages alleged to have been sustained by him because of the breach by appellant of an alleged agreement to deliver to him at Pachuta, Miss., a ticket entitling him to transportation over its road therefrom to Hattiesburg.

John Winston, who testified in behalf of appellant, stated that he delivered to appellant's agent at Hattiesburg the price of two tickets from Pachuta to Hattiesburg, and requested him to have appellant's agent at Pachuta to deliver one of the tickets to appellee and one to Mamie Winston when called for, and that appellant's agent agreed so to do.

According to the evidence for appellee, when he and Mamie called upon appellant's agent at Pachuta for

these tickets, the agent delivered one to Mamie, but declined to deliver one to appellee, and stated he had received no request so to do. Mamie accepted her ticket, traveled on it to Hattiesburg, and upon arriving there reported the trouble to John who took the matter up with appellant's agent, and obtained from him a promise to straighten the matter out. Appellee remained in Pachuta overnight, and, upon his again applying to appellant's agent there the next morning for a ticket to Hattiesburg was given one, which he accepted, and traveled thereon to Hattiesburg.

According to the evidence for appellant, the request made of its agent at Hattiesburg by John Winston was for the delivery to Mamie at Pachuta of two tickets from there to Hattiesburg; that when she called therefor both tickets were tendered to her, and she was asked if the other ticket was not for appellee, but stated she did not know, that "she only wanted one ticket for herself."

The contract entered into between appellant's agent at Hattiesburg and John Winston was in writing, signed by both the agent and Winston, and while John admitted signing the contract, he claimed not to have read it. According to the written contract appellant's agreement was to deliver the two tickets to Mamie.

The inconvenience suffered by appellee for which he claims compensation, because of his failure to obtain the ticket when he first called for it, is stated in his counsel's brief as follows:

"The appellee was crippled and unable to go about much, so he went out in search of a place of repose, when finally he was placed in a hovel overrun with fleas and chinches, and there during the balance of the night was forced to submit to tortures inflicted upon him by such remorseless enemies."

Appellee can recover, if at all, only on the theory that appellant violated a contract entered into by it, for appellee's benefit, with John Winston to deliver to

appellee a ticket entitling him to transportation from Pachuta to Hattiesburg. The contract having been reduced to writing, John Winston's testimony in contradiction thereof cannot, of course, be here considered, and since it appears from the written instrument that appellant did not agree to deliver a ticket to appellee, he cannot justly complain because of its failure so to do. Consequently appellant's request for a peremptory instruction should have been granted.

Reversed, and judgment here for appellant.

*Reversed.*